# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARIEL LEON,

        Plaintiff,

vs.

WYNN LAS VEGAS, LLC,

        Defendant.

Case No.: 2:16-cv-01623-GMN-GWF

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 26), filed by Defendant Wynn Las Vegas, LLC ("Defendant"). Plaintiff Ariel Leon ("Plaintiff")[1] filed a Response, (ECF No. 36), and Defendant filed a Reply, (ECF No. 37). For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**.

I. <u>**BACKGROUND**</u>

Plaintiff initiated this action on July 12, 2016, alleging claims of race and national origin discrimination, disability discrimination, retaliation, and intentional infliction of emotional distress. (Compl., ECF No. 1). Plaintiff was initially represented by the law firm of Kang and Associates, PLLC ("Kang"). (*See id.*). On January 5, 2017, Kang filed a Motion to Withdraw, citing an irreparable disagreement with Plaintiff regarding the merits and direction of the case. (*See* Mot. to Withdraw at 6, ECF No. 21). Anticipating delay, the parties stipulated to extend the discovery deadlines by an additional 90 days. (Stipulation to Extend, ECF No. 22).

On January 19, 2017, the Court granted the parties' request for a discovery extension. (Extension Order, ECF No. 23). Shortly thereafter, the Court granted Kang's Motion to

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Withdraw and advised Plaintiff that "if he intends to retain new counsel, he must do so promptly." (Withdrawal Order 1:21–22, ECF No. 25). Additionally, the Court cautioned Plaintiff that "[i]n the event Plaintiff chooses to proceed pro se, he is advised that he has a duty to comply with all applicable rules of civil procedure and court orders." (*Id.* 1:22–23). On April 11, 2017, Defendant filed the instant Motion to Dismiss. (*See* Mot. to Dismiss, ECF No. 26).

## II. DISCUSSION

Defendant argues for dismissal based on Plaintiff's failure to respond to discovery requests and failure to prosecute the case. (*See* Mot. to Dismiss 2:3–18). Specifically, Defendant asserts that Plaintiff has failed to provide any responses to Defendant's requests for production of documents and interrogatory questions despite numerous extensions. (*Id.*). Additionally, Defendant asserts that Plaintiff "was completely unprepared for his deposition" and unfamiliar with his own Complaint. (Reply 4:11–14, ECF No. 37). Defendant also cites to repeated and failed attempts to communicate with Plaintiff regarding discovery obligations and scheduling matters. (*See* Exs. 4–6 to Mot. to Dismiss). According to Defendant, Plaintiff's conduct demonstrates a "lack of interest in complying with the applicable rules of civil procedure and this Court's Order." (*See* Mot. to Dismiss 2:16–18).

On February 21, 2018, Plaintiff filed a response to Defendant's Motion to Dismiss. In this response, however, Plaintiff entirely fails to address the issues raised in the underlying motion. Under Local Rule 7–2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7–2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995); *see, e.g.*, *Roberts v. United States of America*, 01–cv–1230–RLH–LRL, 2002 WL 1770930 (D. Nev.

June 13, 2002). The Court therefore finds that Plaintiff has consented to the dismissal of this case.

In addition to Plaintiff's lack of opposition, Plaintiff's failure to engage in the discovery process and follow Court orders likewise warrants dismissal. In evaluating dismissal as a sanction, district courts must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).

Upon review of the record, the Court finds that four of the five factors favor dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999). Second, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07–cv–01541–RCJ–RJJ, 2009 WL 4280282 (D.Nev. Nov. 30, 2009). Third, Plaintiff's failure to cooperate throughout the discovery process has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986). Fourth, the Court has weighed less drastic sanctions and finds that, given Plaintiff's minimal and noncompliant participation in this case, any sanction short of dismissal would be ineffective. Lastly, while the public policy favoring disposition of cases on their merits weighs against dismissal, the fact that the other four factors strongly favor dismissal is dispositive in this instance. The Court therefore grants dismissal without prejudice.

/ / /

/ / /

/ / /

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 26), is **GRANTED**. This case is dismissed without prejudice.

The Clerk of Court is instructed to close the case.

**DATED** this __12__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge