UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARIEL LEON,<br><br>                Plaintiff,<br>v.<br><br>WYNN LAS VEGAS, LLC,<br><br>                Defendant. | Case No.:  2:16-cv-01623-GMN-GWF<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re:  Motion for Attorneys'<br>      Fees (ECF No. 41)** |

This matter is before the Court on Defendant Wynn Las Vegas, LLC's Motion for Attorneys' Fees (ECF No. 41), filed on March 26, 2018.  Plaintiff Ariel Leon did not file an opposition to the motion, and Defendant filed a Notice of Non-Opposition (ECF No. 43) on June 18, 2018.  This motion has been referred to the undersigned Magistrate Judge who conducted a hearing on November 1, 2018.  Counsel for Defendant and Plaintiff Ariel Leon appeared at the hearing.

**BACKGROUND**

Plaintiff Ariel Leon filed this action, through counsel, on July 12, 2016.  *Complaint* (ECF No. 1).  The complaint alleged that Mr. Leon was employed as a casino porter by Defendant from April 2005 until he was fired on December 31, 2015, allegedly for dishonesty in his worker's compensation claim.  *Id.* at ¶¶ 15, 35.  Notably, the complaint alleged that Mr. Leon was diagnosed during his employment with a number of medical conditions including hypomania, insomnia, anxiety, bipolar disorder, and Bell's paralysis.  *Id.* at ¶ 16.  Plaintiff alleged that he was subjected to demeaning comments and disparate disciplinary actions by his supervisor which were motivated by unlawful discriminatory intent.  Plaintiff alleged that his

supervisor rammed his shoulder into his chest when he complained about the supervisor's harassment. *Id.* at ¶¶ 28-29. Plaintiff alleged that the accusation that he was dishonest in his worker's compensation claim was untrue, and that no explanation was given to him regarding that accusation. *Id.* at ¶ 35. The complaint alleged causes of action for race discrimination, national origin discrimination, disability discrimination-ADA violation, retaliation pursuant to 42 U.S.C. § 4000e-3, race, national origin, and disability discrimination under Nevada law, and intentional infliction of emotional distress.

Defendant filed its answer on August 12, 2016. The parties participated in an early neutral evaluation conference on December 14, 2016, but no settlement was reached. On January 5, 2017, Plaintiff's counsel filed a motion to withdraw, stating that "a rift exists between Plaintiff and counsel that prevents counsel from continuing to represent Plaintiff in this matter. More importantly, the rift relates to fundamental issues that go to the very core of this litigation." *Motion to Withdraw* (ECF No. 21), at 4. Defendant expressed its concern that counsel's withdrawal would cause undue delay in discovery and adversely affect Defendant's ability to defend. Defendant noted that Plaintiff "might not be aware of his obligations to respond to discovery, participate in taking his deposition, secure a translator for any conversations with counsel if he feels he needs a translator, or communicate with counsel for Wynn prior to any court intervention." *Response* (ECF No. 24), at 3. On January 24, 2017, the Court granted the motion to withdraw, and advised Plaintiff that if he intended to retain new counsel, he must do so promptly. The Court also stated that if Plaintiff chose to proceed pro se, he had a duty to comply with the applicable rules of civil discovery and court orders. *Order* (ECF No. 25).

On April 11, 2017, Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 37 based on Plaintiff's non-compliance with Order (ECF No. 25), and because of Plaintiff's "complete failure to cooperate with discovery in light of his failure to respond in any way to Wynn's discovery requests for over 120 days, and his failure to prosecute his case." *Motion to Dismiss* (ECF No. 26). Although Plaintiff did not file an opposition to the motion, Defendant filed a reply stating that at Plaintiff's deposition on May 2, 2017, he was unprepared to answer any questions and was not even familiar with the allegations in his complaint. *Reply* (ECF No.

1  27). On May 18, 2017, the parties stipulated to a stay of further proceedings pending the
2  decision on Defendant's motion to dismiss. *See Stipulation* (ECF No. 28) and *Order* (ECF No.
3  29). On March 12, 2018, the Court granted Defendant's motion to dismiss Plaintiff's complaint,
4  without prejudice, based on his failure to participate in discovery and prosecute the action.
5  *Order* (ECF No. 38). Defendant now seeks an attorney's fee award in excess of $60,000.00 on
6  the grounds that it is the prevailing party in this action.

## DISCUSSION

In an action or proceeding under Title VII, the court, in its discretion, may award a reasonable attorney's fee to the prevailing party. 42 U.S.C. § 2000e-5(k). Attorney's fees may also be awarded to the prevailing party in an action or proceeding brought under the Americans with Disabilities Act (ADA). 42 U.S.C. § 12205. An award of attorney's fees to a prevailing defendant may only be made if the court finds that plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate the claim after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978). Although a finding that the plaintiff acted in bad faith is not required for the imposition of fees, such a finding provides an even stronger basis for awarding fees. *Id.* A judgment in favor of the defendant on the merits is not required for an award of attorney's fees against the plaintiff. *CRST Van Expedited, Inc. v. E.E.O.C.*, __ U.S. ___, 136 S.Ct. 1642, 1651 (2016). A defendant may be awarded reasonable attorney fees expended in defending against frivolous, unreasonable or groundless litigation that is resolved in its favor, whether or not on the merits. *Id.* at 1652.

"The *Christiansburg* standard is applied with particular strictness in cases where the plaintiff proceeds pro se." *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987) (citing *Hughes v. Rowe*, 449 U.S. 5, 15-16, 101 S.Ct. 173, 177-79 (1980)). "A court should be particularly chary about awarding attorney's fees where the court is unable to conclude that the action may be dismissed without proceeding to trial." *Id.* (citations omitted). A pro se plaintiff cannot be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit or lack of merit in his claims. The *Christiansburg* standard should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his

3

claim. Repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous, for example, militates in favor of an award of attorney's fees to the prevailing defendant. Evidence that the pro se plaintiff brought his claims in bad faith also supports an award of fees. *Id.* The court in *Minor v. Fedex Office & Print Services, Inc.*, 205 F.Supp.3d 1081, 1087 (N.D.Cal. 2016) summarizes the relevant factors as follows: (1) whether the court was able to conclude that the action should be dismissed prior to trial; (2) whether plaintiff was able to recognize the merits of his claims; and (3) whether the plaintiff acted in bad faith.

There was no determination this case that Plaintiff's claims were frivolous, unreasonable, or groundless. Rather, the Court dismissed this action because of Plaintiff's failure to participate in discovery and prosecute his claims. *Order* (ECF No. 38). Defendant argues that "Plaintiff filed his Complaint despite Wynn's legitimate reason for terminating Plaintiff, which was disclosed to Plaintiff at the time of his termination and during the Equal Employment Opportunity Commission ('EEOC') investigation. Thus, Plaintiff's complaint was frivolous." *Motion for Attorney's Fees* (ECF No. 41), at 2. Even if the Court could consider this assertion for the first time on Defendant's motion for attorney's fees, Defendant has not provided evidence to support its argument that Plaintiff's claims were frivolous. Moreover, there is no evidence that Plaintiff recognized that his claims lacked any merit and were therefore frivolous.

The court in *Minor* stated that "pro se status is particularly relevant in cases in which the defendant prevails on grounds, such as res judicata, that involve procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons. . . . Thus, most courts that have addressed the issue have concluded that dismissal based on the doctrine of claim preclusion or *res* judicata is not a proper basis for an award of attorneys' fees." 205 F.Supp.3d at 1088 (internal quotation marks and citations omitted). The procedural rules governing discovery are generally not as complex as those pertaining to *res judicata*. Furthermore, Mr. Leon failed to comply with the basic requirements that he respond to Defendant's written discovery requests, that he respond to relevant questions at his deposition, and that he prosecute his case with reasonable diligence. Such conduct could support a conclusion that Plaintiff's litigation conduct was unreasonable and in bad faith.

4

Prior to moving for dismissal, however, Defendant did not seek an order compelling Plaintiff to comply with his discovery obligations.[1] Plaintiff was not given a specific judicial warning that he faced the imposition of serious or severe sanctions if he failed or refused to comply with his discovery obligations. While such a warning is not always required before severe sanctions may be imposed, *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990), the absence of a warning is relevant to whether Plaintiff recognized that his litigation conduct was unreasonable. The dismissal of Plaintiff's complaint, without prejudice, suggests that the District Judge did not view Plaintiff's discovery violations to have been committed in bad faith.

The ability of pro se plaintiffs to understand procedural requirements and competently represent themselves varies from individual to individual. Some are capable of adequately following the rules and handling their cases in a competent manner. Others simply are not. There is information indicating that Mr. Leon did not understand and recognize his discovery obligations. The complaint alleged that Plaintiff suffered from mental impairments, including hypomania, anxiety, and bipolar disorder which could affect his ability to understand and litigate his claims in a competent manner. While Mr. Leon's failure to respond to discovery requests or respond adequately at his deposition could indicate a cavalier or bad faith disregard for his obligations as a litigant, it could also indicate that he simply did not understand the litigation process and his obligations in that process. For example, in response to the motion to dismiss, Plaintiff filed a belated notice indicating that he was pursuing a hearing in the local justice court to resolve the matter. *See Notice* (ECF No. 32). This suggests lack of understanding and confusion, rather than intentional obstruction or bad faith. Plaintiff's lack of subjective bad faith is also evidenced by his willing to stipulate to a stay of this action pending a decision on Defendant's motion to dismiss.

---

[1] Defendant's counsel did, however, send letters to Plaintiff on February 10, 2017, February 27, 2017, and March 20, 2017, advising him that his responses to Defendant's written discovery responses remained outstanding and requesting that he comply with his obligations. Plaintiff responded to Defendant's first and second letters by requesting and being given more time to respond. *Motion to Dismiss* (ECF No. 26), *Exhibits 3, 5* and *6.*

If the Court determines that an award of attorney's fees against the plaintiff is proper, it must then determine the appropriate fee award. The court begins with a consideration of the lodestar figure--the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. The lodestar figure can then be adjusted pursuant to the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). "In addition to the *Kerr* factors, a district court . . . should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant. . . . This is particularly true when the fee request is as sizable as the one involved here. While an award of attorney's fees for a frivolous lawsuit may be necessary to fulfill the deterrent purposes of 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k), the award should not subject the plaintiff to financial ruin." *Miller*, 827 F.2d at 621 (citations omitted).

Mr. Leon stated at the hearing that he has been unemployed since his termination by Defendant in December 2015. He is 73 years old and his only income is Social Security retirement and a small union pension. He does not have significant assets. Defendant's counsel advised the Court that Plaintiff's statements are consistent with his application to proceed in district court without prepaying fees or costs in Case No. 2:18-cv-00992-APG-CWH in which he is seeking to pursue the same claims against Wynn.[2] According to Mr. Leon's application, his total monthly income is $1,415.08. He has slightly more than $50.00 in a checking or savings account. He owns a 19 year old automobile that he values at $2,500.00. He resides in a house that he owns and pays a monthly mortgage payment. His monthly living expenses provide him with approximately $129.00 in discretionary income. An award of attorney's fees in this case would have to be very modest to avoid causing financial ruin to the Plaintiff.

## **CONCLUSION**

An award of attorney's fees to the Defendant as the prevailing party is not appropriate. The record does not support a conclusion that Plaintiff recognized the unreasonableness of his litigation conduct, or that he acted in bad faith in failing to respond to discovery or prosecute his

---

[2] Plaintiff' complaint in that case has not yet been screened by the Court.

6

case.  Furthermore, based on Plaintiff's limited financial resources, even a very modest award of attorney's fees would cause him severe financial distress, if not ruin.

Although, an award of attorney's fees in this case is not warranted, Plaintiff is warned that in pursuing further legal action against Defendant, he may be subject to sanctions and an award of attorney's fees against him, if the Court determines that his claims are frivolous, unreasonable, or groundless, or that he has engaged in unreasonable or bad faith conduct during litigation.  Plaintiff's financial condition does not protect him against an award of attorney's fees in future lawsuits, particularly if he engages in bad faith conduct.  *Miller*, 827 F.2d at 621.  In *Kulas v. Arizona*, 156 Fed.Appx. 29 (9th Cir. Nov. 28, 2005) (unpublished disposition), the court upheld an award of attorney's fees against the pro se plaintiff.  The court found that plaintiff's lack of financial resources had not deterred him from filing frivolous lawsuits, and that any financial ruin which befell him due to filing such suits was a situation entirely of his own creation.  Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Wynn Las Vegas, LLC's Motion for Attorneys' Fees (ECF No. 41) be **denied.**

DATED this 2nd day of November, 2018.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**